United States District Court
District of South Carolina

RECEIVED
USDC CLERK, CHARLESTON, SC

2005 AUG 11  P 4: 25

Timothy J. Brown, #76618;           )     C/A No. 2:05-2205-HFF-RSC
                                    )
              Plaintiff;            )
                                    )
vs.                                 )     **Report and Recommendation**
                                    )
Charleston County Public Defender Corporation; and )
Daniel Prenner;                     )
                                    )
              Defendants.           )
_____ )

The Plaintiff, Timothy J. Brown (hereafter, the "Plaintiff"), has brought this *pro se* action against the Defendants under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is confined at the Charleston County Detention Center in North Charleston, South Carolina. The narrative from his Complaint is replicated below verbatim:

> Mr. Daniel Prenner was assigned my case on August 3, 2004. After ten (10) months he spent five (5) minutes with me after numorous [sic] requests to update my case or come to see me he finally arrived, and admitted that he had not filed any motions including bond reduction, fast and speedy trial – actually admitting that he had at that time not done anything. He made a promise to address a DNA test. However he resigned his position, putting me back for numorous [sic] more months because the newly assigned public defendant virtually steps into a new case a most a year old.
> It is my contention that his superiors are also liable for this unprofessional conduct. It should have been monitored and not allowed to get out of hand.
> I feel that my right to adequate representation was violated and actually condoned by the Public Defenders office, regardless of severity of charges,

1

> discovery was complete within two (2) months and that would leave eight (8) months to trial.
> I would like $100,000 or $10,000 per month from the norm of six (6) months as to punitive damages for violation of due process and causing more extreme emotional stress because of marginal if at best conditions in the Charleston County Detention Center.

[1-1, pp. 3-5.]

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## NO RECOVERY UNDER 42 U.S.C. § 1983

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action

2

brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980)(court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

Ultimately, legal malpractice or tortious action cannot support a recovery under 42 U.S.C. §1983. Fletcher v Hook, 446 F. 2d 14 (3rd Cir. 1971); Smith v Clapp, 436 F. 2d 590 (3rd Cir. 1970). Negligence and legal malpractice are causes of action under South Carolina common law. See Mitchell v. Holler, 429 S.E.2d 793 (S.C. 1993); Yarborough v. Rogers, 411 S.E.2d 424 (S.C. 1991). A civil action for negligence and legal malpractice would be cognizable in this Court under 28 U.S.C. § 1332 (the "diversity" statute), if the statutory requirements are satisfied. See Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992). It is clear from the allegations contained in the Complaint, however, that the Plaintiff and the Defendants are all citizens of South Carolina, thus precluding any diversity jurisdiction in this case.

Moreover, pre-trial detention itself is not a deprivation of due process, even when a defendant claims to be innocent. In Brooks v. City of Winston-Salem, N.C., 85 F. 3d 178 (4th Cir. 1996), the Fourth Circuit Court of Appeals took the occasion to consider whether or not a liberty interest exists in avoiding prosecution upon less than probable cause. In the Brooks decision, and in the earlier case of Taylor v. Waters, 81 F. 3d 429 (4th Cir. 1996), the Fourth Circuit made the following observation, drawing in particular upon Gerstein v. Pugh, 420 U.S. 103 (1975):

> Th[e Fourth] amendment requires that arrests be made based upon probable cause and that a neutral and detached judicial officer evaluate probable cause

3

> as a condition of significant pretrial restraint of liberty. [Citation omitted] Once such a determination of probable cause has been rendered, however, the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable. [Citations omitted.] Instead, other constitutional guarantees contained in the Bill of Rights – such as the right to a speedy trial – protect the accused by ensuring that he will not be detained indefinitely before an "ultimate determination of...innocence is placed in the hands of the judge and the jury." [Citation omitted]

81 F. 3d at 428-429. Thus, even if the Defendants were amenable to suit as persons acting under color of state law for purposes of 42 U.S.C. § 1983, the Plaintiff cannot recover damages for his pre-trial detention.

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971). The United States Court of Appeals for the Fourth Circuit has ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).

If, in the course of Plaintiff's criminal proceeding, denial of speedy trial or other due process should occur, these are issues which the state courts of South Carolina are competent to resolve in the first instance. As a pre-trial detainee not yet convicted, the Plaintiff's exclusive federal remedy is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), after he fully exhausts his state remedies. See, e.g., Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir. 1975). Pre-trial detainees in state criminal proceedings must exhaust their state remedies before seeking federal habeas corpus relief. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980).

Any constitutional violation arising in the course of the Plaintiff's future trial should be

4

addressed initially in state courts. Failing in his defense at trial, the Plaintiff should then proceed to seek relief by appeal. If his direct appeal is unsuccessful, he can file an application for Post-Conviction Relief (PCR) under S.C. Code Annotated § 17-27-10 through § 17-27-160. A PCR applicant in South Carolina may appeal a denial of relief by the Court of Common Pleas by directing a Petition for Writ of Certiorari to the South Carolina Supreme Court. See § 17-27-100, South Carolina Code of Laws; and Knight v. State, 325 S.E.2d 535 (1985). If constitutional violations should infect the Plaintiff's prosecution, or if his defense is inadequately presented to the trial court by defense counsel, the PCR application would provide him opportunity to make those arguments in the state courts before resort to this federal forum.

## SECTION 1915 SCREENING

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A claim based on a meritless legal theory may be dismissed *sua sponte*. See Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id. Under 28 U.S.C. §1915A, federal courts are specifically directed to screen and dismiss prisoner complaints which fail to state a claim upon which relief may be granted.

## RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without

prejudice and without requiring the Defendants to file answers. The Plaintiff's attention is directed to the notice on the next page.

*Robert S. Carr*
Robert S. Carr
United States Magistrate Judge

August 11, 2005
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Chalreston, South Carolina 29402
